### J. H. ORR v. THE STATE.

No. 1576. Decided March 26, 1898.

**Occupation License—Letting Wagon for Hire—Fact Case.**

See opinion for facts stated, which are held wholly insufficient to support a conviction under article 5094, subdivision 31, Acts Called Session of the Twenty-fifth Legislature, p. 53, for "letting a wagon for hire" without paying the tax and obtaining a license.

APPEAL from the County Court of Tarrant. Tried below before Hon. GEORGE W. ARMSTRONG, County Judge.

Appeal from a conviction for "letting for hire a wagon" without first obtaining a license therefor; penalty, a fine of $3.

No statement necessary.

*Bowlin & Scott,* for appellant.

*Nat P. Jackson* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged under an act of the First Called Session of the Twenty-fifth Legislature (page 53, article

5049, subdivision 31), with letting for hire a wagon not connected with a livery or feed stable, without first obtaining a license. The particular portion of the law under which the information was drawn is as follows: "Subd. 31. From every livery or feed stable, thirty cents for each stall, and thirty cents for each hack, buggy, or other vehicle, and *from every hack, buggy, dray, wagon, or other vehicle let for hire not connected with a livery, feed or sale stable, two dollars.*" We have italicized a portion of the above subdivision, because it is under that particular portion of said subdivision that defendant was informed against. In order to sustain the conviction, the vehicle "let for hire" must not be connected with a livery, feed or sale stable, and it is a sine qua non to this conviction that the vehicle should be "let for hire." Until this has been shown, the party on trial should be acquitted. The evidence is undisputed, and practically the same for the State and the defendant, "that the defendant was engaged in running what is called a 'move wagon,' and has been so engaged for several years. He follows the business mentioned in the city of Fort Worth, Tarrant County, Texas. The wagon he uses is a large one, drawn by two horses, with a frame for body or bed suitable for holding household and kitchen furniture. He moves such furniture in the city of Fort Worth for hire, for any person who desires to employ him, always driving the wagon and moving and unloading it himself, or with such assistance as he may employ. He never hires his wagon out to any other person." This is the testimony of the witness Gray for the State. The deputy tax collector of Tarrant County, Arnold, also testified for the State that appellant drove his team and loaded and unloaded the wagon himself; and he says, "I never knew him to let his wagon for hire himself." The defendant testified in his own behalf that he drove the wagon himself to move household furniture from one house to another, and charged so much a load, or so much for the job. "I never hire my wagon to any other person, but always drive it myself. I only used the one wagon for my business." It was agreed on the trial that defendant had not paid an occupation tax, nor had he secured a license. Under these facts it is evident that the defendant has never let his wagon for hire. As before stated, in order to render a party guilty for a violation of the section quoted, it must be shown that he "let for hire" some vehicle mentioned in the statute. As this has not been done, no violation of the law is shown, and the defendant should have been acquitted in the court below under the facts stated. The judgment is reversed and the cause remanded.

*Reversed and remanded.*